presented additional facts entitling the defendant to the relief sought.

The order appealed from must be reversed, the judgment vacated and set aside, and a new trial ordered, without costs to either party.

WOODWARD, JENKS and HOOKER, JJ., concur. GAYNOR, J., concurs in result.

---

FISCHER v. AMERICAN EXCH. NAT. BANK et al.

(Supreme Court, Appellate Division, First Department. October 23, 1908.)

1. DISCOVERY (§ 31*)—ORDER FOR EXAMINATION.

An order for an examination before the service of a complaint can only be justified where it is necessary to enable plaintiff to frame his complaint.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 45; Dec. Dig. § 31.*]

2. DISCOVERY (§ 37*)—WHEN ALLOWED.

Where stock which was purchased with money loaned by plaintiff to defendant, who agreed to hold it as security until the money loaned was repaid, and who deposited it with defendant bank, which disclaimed any interest in the stock or right to hold it as against defendant, plaintiff, who claimed to be entitled to possession of the stock, was not entitled to an order for the examination of the bank to enable him to frame his complaint.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 50; Dec. Dig. § 37.*]

Appeal from Special Term.

Action by George E. Fischer against the American Exchange National Bank and others. From an order denying a motion to vacate an ex parte order for the examination of defendant bank to enable plaintiff to frame his complaint, the bank appeals. Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN and SCOTT, JJ.

Joseph M. Hartfield, for appellant.
H. Lionel Kringel, for respondent.

INGRAHAM, J. The order for an examination of the defendant American Exchange National Bank was granted upon an affidavit stating that the plaintiff had loaned Weidenfeld the sum of $6,000 to purchase the 20,000 shares of the capital stock of the mining corporation; that Weidenfeld subsequently told plaintiff that he had paid the money and got the stock, and agreed to hold it as security until the $6,000 was repaid. Subsequently plaintiff demanded the repayment of the loan, which was refused, and then demanded the stock, which was also refused; Weidenfeld stating that he had deposited the stock with the defendant bank. The plaintiff then demanded the stock from the bank, which was refused.

It is quite evident that the examination of the defendant Bank is not at all necessary to enable the plaintiff to frame his complaint.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

especially in view of the very full statement of the facts and circumstances under which the bank has received this stock, and the statement that the bank makes no claim upon it, but is simply a bailee, contained in the affidavits on which the motion to vacate the order was made. The plaintiff has all the information that can possibly be required to frame his complaint. The order for an examination before the service of a complaint can only be justified where it is necessary to enable the plaintiff to frame his complaint. He claims to be entitled to the possession of this stock, that it is deposited with the defendant bank, and he therefore had knowledge of all the facts necessary to frame the complaint. If the bank had any claim to the stock as against the plaintiff, that could be set up as a defense, and so was no part of the plaintiff's cause of action. The rules applicable to an examination of an adverse party before the pleadings are framed and that after the case is at issue to obtain evidence to be used upon the trial are entirely different; and where the bank expressly disclaims any interest in the stock, or any right to hold it, as against the depositor, there is nothing to justify an order to compel an examination of the bank before service of the complaint.

The order should be reversed, with $10 costs and disbursements, and the motion to vacate the order for an examination of the defendant granted. All concur.